UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEAN NASCA,

                                               Plaintiff(s),        <u>MEMORANDUM
OPINION AND ORDER</u>

           -against-                                          CV 09-0023 (JFB) (ETB)

THE COUNTY OF SUFFOLK, POLICE
OFFICER MICHAEL CONKLIN, PETER
FRANK, WILLIAM G. FORD and
JOHN DOES 1-10, said names being fictitious
and intending to represent employees, agents
and assigns of the COUNTY OF SUFFOLK,

                                               Defendant(s).
------------------------------------------------------------------------X

      Before the Court is the <u>pro se</u> plaintiff's letter application requesting my recusal on the grounds that I am biased against him as a result of my prior employment as the County Attorney for the County of Suffolk, a party to the within action. The <u>pro se</u> plaintiff further requests reconsideration of my prior decision denying a further extension of the discovery deadline. For the following reasons, plaintiff's motion is denied in its entirety.

<u>DISCUSSION</u>

I.     <u>Legal Standard for Recusal</u>

      28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section (b) of the recusal statute sets forth specific situations in which recusal is

warranted, particularly mandating recusal "[w]here [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). The ultimate inquiry under Section 455 is whether "a reasonable person, knowing all the facts, [would] conclude that the . . . judge's impartiality could reasonably be questioned." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). Disqualification is not required where a case involves "remote, contingent, indirect or speculative interests." Id.

The pro se plaintiff requests that I recuse myself from this action on the grounds that I am biased because of my prior affiliation with the County of Suffolk, a party in this action. I served as the County Attorney of Suffolk County from 1988 through 1991. As noted above, prior government employment requires recusal where the judge, in his or her capacity in prior governmental service, "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b). That is not the situation here. I did not participate in the within action in my prior governmental position, nor was the individual defendant, William G. Ford, employed by the County Attorney during my tenure in office. The plaintiff's action was commenced in January 2009. My tenure with the Suffolk County Attorney's office ended in 1991, more than nineteen years prior to the commencement of this litigation.

As previously stated, the Second Circuit has clarified that recusal is not required where the judge's interest or participation is "remote, contingent, indirect or speculative." Lovaglia, 954 F.2d at 815; see also United States v. Thompson, 76 F.3d 442 (2d Cir. 1996) (holding that

judge was not required to recuse himself based on prior employment with the United States Attorney's office during the time defendant's criminal investigation began where judge had no direct connection with defendant's case). Furthermore, the Second Circuit has clearly determined that a judge's prior representation of one of the parties in a proceeding does not automatically warrant disqualification. See National Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953 (2d Cir. 1978). Plaintiff has failed to establish a sufficient nexus between myself and the present litigation.

II.     Timeliness of the Motion

Although there is no express provision in 28 U.S.C. § 455 mandating that a party move for recusal in a timely fashion, this requirement has been effectively read into the statute. See In re IBM Corp., 618 F.2d 923, 932 (2d Cir. 1980). It is well-settled that a party seeking recusal must raise its claim at the "earliest possible moment after obtaining knowledge of facts demonstrating a basis for such a claim." Apple v. Jewish Hosp. and Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). Untimeliness in seeking recusal may constitute the basis for finding an implied waiver of the right to seek it. See United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000).

The decision whether to grant or deny a recusal motion is a matter confided to the court's discretion. See id. A number of factors must be examined when assessing the timeliness of a motion for recusal, including "whether: (1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can

demonstrate good cause for delay." Id. at 334.

There are two underlying concerns that prompt this rule of timeliness. First, judicial resources should not be wasted. See id. A prompt application affords the judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate to take. See In re IBM Corp., 45 F.3d 641, 643 (2d Cir. 1995). Second, "a movant may not hold back and wait, hedging its bets against the eventual outcome." Apple, 829 F.2d at 334. A prompt application for recusal avoids the risk that the party is holding back its application as a "fall-back position" in the event there are adverse rulings on the pending matters. In re IBM, 45 F.3d at 643.

Plaintiff commenced the within action in January 2009, at which time I was assigned as the magistrate judge. I have also served as the magistrate judge on the pro se plaintiff's action entitled Nasca v. Town of Brookhaven, CV 06-0505, from its inception in February 2006 until its termination in June 2008.[1] The within application for recusal is based on the plaintiff's dissatisfaction with the rulings made on August 4, 2010. Those proceedings are a matter of record. The plaintiff was precluded from testifying or offering any affidavit in support of or in opposition to summary judgment unless he submits to a deposition requested by the defendants prior to the close of discovery - September 3, 2010. In addition, all discovery was certified as complete except for three depositions noted on the record. Discovery had previously been extended from its original completion date of March 31, 2010 to September 3, 2010 - a period of five (5) months.

---

[1] To the best of my knowledge, this is the only occasion on which the pro se plaintiff has requested my recusal.

Any decision that was made related to the August 4, 2010 rulings on the record was based on knowledge I had as the judge responsible for case management and any non-dispositive motions. There is no information from an extra-judicial source that affected that decision. See United States v. Grinnell Corp., 384 U.S. 563 (1966); see also Liteky v. United States, 510 U.S. 540 (1994). The plaintiff has not demonstrated good cause for his delay in making this motion. Accordingly, the motion is also denied on the ground that it is untimely.

For the foregoing reasons, I decline to grant the application for recusal.

III.     Plaintiff's Motion for Reconsideration

The plaintiff couples this recusal application with the renewal of his request to further extend discovery in this action. I will treat this as a motion for reconsideration of the rulings on the record and Order dated August 4, 2010.

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Vill. of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court."); Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Hunt, 2007 WL 1346652, at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid

repetitive arguments on issues that have been fully considered by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); see also Ehrlich, 2007 WL 1593241, at *2 (stating that it is well settled in the Second Circuit that the standard for granting a motion for reconsideration is "strict"); Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with the court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T., 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991)). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Carribean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue

in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings." Church of Scientology, 1997 WL 538912, at *2 (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994)) (additional citation omitted); see also Hunt, 2007 WL 1346652, at *1 ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

On reconsideration, I adhere to the rulings and Order made on August 4, 2010. The plaintiff bases this request solely on the facts cited to support the recusal motion. There is no claim that controlling precedents were overlooked. In fact, plaintiff cites no authority for his request. Accordingly, plaintiff's request for reconsideration is granted, and, on reconsideration, the Court adheres to the Order dated August 4, 2010.

### CONCLUSION

For the foregoing reasons, plaintiff's letter motion dated August 18, 2010 for recusal and discovery other than that authorized in the Order dated August 4, 2010 is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
September 13, 2010

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge